James P. Gill, Jr., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs, April 8, 1981, before Judges MENCER, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

248

*James P. Gill,* for himself, appellant.

*Harold H. Cramer,* with him *Ward T. Williams,* Chief Counsel, for appellee.

OPINION BY JUDGE WILLIAMS, JR., June 30, 1981:

This is an appeal from a decision and order of the Court of Common Pleas of Allegheny County affirming the action of the Secretary of Transportation (Secretary) in suspending the motor vehicle operator's license of appellant, James P. Gill.

The record reflects that appellant had accumulated a total of 13 points during the period from October 6, 1976 to July 17, 1978. Accordingly, his license was ordered suspended for 65 days by the Secretary pursuant to Section 1539 of the Vehicle Code (Code), 75 Pa. C. S. §1539. That section provides for the suspension of operating privileges by the Secretary where the record shows an accumulation of eleven points or more. For a first suspension, the formula for computing the length of suspension is five days for each point.

Appellant does not challenge any of the convictions that led to his total point accumulation. His appeal rests on the sole legal question of the constitutionality of Section 1550(c) of the Code, 75 Pa. C. S. §1550(c).

Giving it its best reading, appellant's argument is an assertion that Section 1550(c) of the Code is unconstitutional in that it operates to deprive him of an operator's license without a fair hearing. Underlying

that constitutional challenge is the appellant's assertion that 1550(c) deprives him of due process in that it limits the issue on appeal to the identity of the motorist. We reject the appellant's contentions as utterly devoid of merit.

In the first place, Section 1550(c) is not the source of power by which appellant's operator's privilege was ordered suspended. The action taken by the Secretary in ordering the suspension of appellant's license under the point system is governed by Section 1539. Section 1550(c) pertains to *proceedings of court* and reads in substance as follows:

> The court shall set the matter for hearing upon 30 days written notice to the department and determine whether the petitioner is in fact the person whose operating privilege is subject to the recall, suspension, cancellation, or revocation.

Appellant's other assertion concerning 1550(c) is further confused in that he has misread the provision to mean that the lower court's proceeding is limited to the question of identity of the motorist. That reading is contrary to the plain meaning of the statute. On its face, the statute means that the scope of the judicial hearing extends to the identity of the motorist *and* to the issue of whether the privilege is *subject* to the recall, suspension, cancellation or revocation.

Moreover, this Court has expressly construed Section 1550(c) to mean that the lower court is not limited to a determination of the identity of the licensee, but must hear evidence upon, and reach the merits of the suspension. *Department of Transportation, Bureau of Traffic Safety v. Quinlan*, 47 Pa. Commonwealth Ct. 214, 408 A.2d 173 (1979).

Therefore, appellant's constitutional challenge must fail, and we affirm the decision of the lower court.

250

ORDER

AND Now, this 30th day of June, 1981, the Order of the Court of Common Pleas of Allegheny County, dated January 24, 1979, at SA 1296, is hereby affirmed.